Minute Order Form (06/27)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 1 C 9123 | **DATE** | 6/27/2003 |
| **CASE TITLE** | Sharon Ramirez vs. American Girl Place | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, we deny plaintiff's objection to Magistrate Judge Bobrick's December 10, 2002 order which recommended that plaintiff's complaint be dismissed with prejudice. Plaintiff's complaint is hereby dismissed with prejudice. This case is terminated. This is a final and appealable order.
(11) ■ [For further detail see order attached to the original minute order.]

No notices required, advised in open court.
No notices required.
Notices mailed by judge's staff.
Notified counsel by telephone.
✓ Docketing to mail notices.
Mail AO 450 form.
✓ Copy to judge/magistrate judge. Bobrick

courtroom deputy's initials: TSA

JUN 3 0 2003 date docketed

03 JUN 30 AM 8:15 U.S. DISTRICT COURT CLERK

Document Number 37

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JUN 3 0 2003

| | | |
|---|---|---|
| SHARON RAMIREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 01 C 9123 |
| v. | ) | |
| | ) | Wayne R. Andersen |
| AMERICAN GIRL PLACE, | ) | District Judge |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on plaintiff's objection to Magistrate Judge Bobrick's December 10, 2002 order which recommended that Plaintiff's complaint be dismissed with prejudice. For the following reasons, Plaintiff's objection is denied, and Plaintiff's case is dismissed with prejudice.

## BACKGROUND

Throughout this litigation, Plaintiff has engaged in tactics used to delay the litigation and ignore court orders. Defendant had to schedule and reschedule Plaintiff's deposition three times because of Plaintiff's failure to respond to Defendant's discovery requests. Defendant finally had to compel Plaintiff's deposition, which led the Court to award Defendant its fees and costs incurred in compelling the deposition.

On June 25, 2002, Defendant scheduled Plaintiff's deposition for August 9, 2002, and confirmed the date three times with Plaintiff's counsel. On July 22, 2002, Plaintiff's counsel confirmed that Plaintiff was prepared to go forward with her deposition.

The day before the deposition on August 8, 2002, Plaintiff's counsel again confirmed by telephone that he intended to go forward with Plaintiff's deposition. When questioned whether he confirmed the deposition date with his client, Plaintiff's counsel stated that he "sent her the notice," but had never spoken with her about the deposition to confirm the date.

Concerned that Plaintiff's counsel had not spoken with his client, at 4:00 p.m. that afternoon, Defendant's counsel left a message for Plaintiff's counsel, inquiring whether Plaintiff's counsel had confirmed with his client that she would attend her deposition the following day, since Defendant's client would be traveling from Wisconsin for the deposition. Defendant's counsel left her work and home telephone numbers for Plaintiff's counsel to call her if anything changed.

Shortly after 6:00 p.m., Plaintiff's counsel left a message at Defendant's counsel's home stating that Plaintiff would not be available for her deposition the following day due to a "medication problem." Plaintiff's counsel requested that Defendant's counsel call him at work. Defendant's counsel immediately called Plaintiff's counsel at work, but he did not answer.

The following day, on August 9, 2002, Defendant's counsel contacted Plaintiff's counsel at 10:00 a.m. for a better explanation of Plaintiff's last minute cancellation and to propose another deposition date. Defendant's counsel left a message stating that Defendant wanted to take Plaintiff's deposition on August 13, 2002 and to call Defendant's counsel immediately regarding the matter. Defendant's counsel told Plaintiff's counsel that if they did not hear back from him by 12:00 p.m., Defendant would file an emergency motion to compel Plaintiff's deposition. Plaintiff's counsel's office stated that Plaintiff's counsel would not be in the office until 1:00 p.m., but that he would be checking his messages.

2

Because Plaintiff's counsel did not return the phone call, Defendant filed an emergency motion to compel Plaintiff's deposition. In the motion, Defendant requested that the Court compel Plaintiff's deposition on August 13, 2002 and order Plaintiff to pay the court reporter's cancellation fee and Defendant's fees incurred in bringing the motion.

Defendant's counsel appeared in Court on August 12, 2002 on the emergency motion to compel, but Plaintiff's counsel was not present. Magistrate Judge Bobrick entered and continued Defendant's motion to August 13, 2002.

On August 13, 2002, Magistrate Judge Bobrick granted Defendant's emergency motion to compel and ordered Plaintiff to pay the court reporter's cancellation fee and Defendant's fees incurred in preparing, and appearing in Court on, Defendant's motion to compel.

On August 15, 2002, Defendant filed its Fee Petition, requesting that the Court direct the clerk to tax Plaintiff $1,383.75 in attorneys' fees incurred in connection with Defendant's emergency motion to compel and $90.00 in costs associated with the cancellation of Plaintiff's August 9, 2002 deposition. Magistrate Judge Bobrick ordered Plaintiff to respond to Defendant's fee petition by August 26, 2002.

Plaintiff did not file her response to the fee petition until August 29, 2002. In her response, Plaintiff challenged the Court's decision to award Defendant its fees and costs, arguing that her failure to attend the deposition was excusable.

On September 5, 2002, over Plaintiff's objection, Magistrate Judge Bobrick granted Defendant's Fee Petition and ordered Plaintiff to pay to Defendant $1,473.75 in fees and costs. When Plaintiff did not pay the amount due, Magistrate Judge Bobrick entered a second order,

ordering Plaintiff to pay the fees and costs by October 7, 2002. Plaintiff did not pay the amount owed by October 7, 2002 and did not request any extension of time from the Court.

On October 21, 2002, Plaintiff's counsel sent a letter to Defendant's counsel stating that Plaintiff was unable to pay the amount due and that Plaintiff is waiting for potential social security disability benefits. Defendant responded on October 25, 2002, reminding Plaintiff that the Court's September 5 and 23, 2002 orders were not contingent upon Plaintiff's receipt of social security disability benefits. Defendant stated that because Plaintiff's payment was three weeks overdue, Defendant would file a motion seeking payment if Plaintiff did not file for an extension of time by November 1, 2002. Once again, Plaintiff never sought an extension from the Court and never otherwise advised the Court why she failed to comply with its two previous orders.

On November 7, 2002, Magistrate Judge Bobrick entered a third order, ordering Plaintiff to pay the fees and costs by November 27, 2002, or the Court would issue an order recommending that the Complaint be stricken and that the case be dismissed with prejudice. Plaintiff did not pay the fees and costs owed by November 27, 2002 and did not file a motion requesting an extension of that deadline.

On November 27, 2002, Magistrate Judge Bobrick entered a fourth order, ordering Plaintiff to pay $1,473.75 in fees and costs by December 5, 2002, or the Court would issue an order recommending that the Complaint be stricken and that the case be dismissed with prejudice. Plaintiff did not pay the amount due by December 5, 2002 and did not file a motion requesting an extension of that deadline.

On December 5, 2002, Magistrate Judge Bobrick stated his intention to dismiss Plaintiff's case with prejudice for her repeated failure to adhere to the Court's orders. Plaintiff's counsel

stated Plaintiff's objections, representing that Plaintiff could pay Defendant $200.00 per month until the balance was paid in full. Over Plaintiff's objections, Magistrate Judge Bobrick recommend that Plaintiff's case be dismissed with prejudice for her repeated failure to follow his orders. Magistrate Judge Bobrick explained to Plaintiff's counsel that Plaintiff has ten days following his recommended order of dismissal to state her objections to the recommendation.

On December 10, 2002, Magistrate Judge Bobrick issued his order recommending that Plaintiff's case be dismissed with prejudice for Plaintiff's "failure to comply with the orders of the Court." Plaintiff's objections to the order were due ten days later.

## DISCUSSION

Magistrate Judge Bobrick's order is reviewed by this Court under the "clearly erroneous" or "contrary to law" standard. Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Seventh Circuit has explained the standard as follows:

> The district court's view of any discovery-related decisions made by the magistrate judge is governed by Rule 72(a) of the Federal Rules of Civil Procedure, which provides: 'The district court to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.'

Fed.R.Civ.P. 72(a); *see also* 28 U.S.C. § 636(b)(1). The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.

In her objections to Magistrate Judge Bobrick's order, Plaintiff makes the following arguments:

> 1) Plaintiff did give notice to the Defendant's attorney that she could not attend her deposition on August 9, 2002;

5

2) Plaintiff did not act in bad faith when she failed to attend her deposition on August 9, 2002;

3) The Magistrate Judge erred when he rejected Plaintiff's contention that she could not attend the deposition due to her unstable mental and emotional state at the time;

4) Plaintiff is unable to pay the sanction assessed;

5) The Magistrate Judge erred when he found that Plaintiff's offer to pay $ 200 per month until the balance was paid in full was not a genuine and legitimate attempt to comply with the order;

6) The Magistrate Judge erred in refusing to consider Plaintiff's application for disability benefits and scheduled ruling date of January 2003 as a basis to extend the Magistrate Judge's recommendation to dismiss the case; and

7) the dismissal of the case for Plaintiff's failure to pay $ 1,473.75 is too drastic of a remedy.

We will address these arguments in turn.

I. <u>Plaintiff's Objections Are Untimely</u>

Before we address the merits of Plaintiff's objections, we must first consider whether they have been timely filed. For the following reasons, we find that Plaintiff's objections are untimely and should not be considered by the Court.

As specifically noted by Magistrate Judge Bobrick on December 5, 2002, Plaintiff had ten days to state her objections to the recommended order of dismissal. Magistrate Judge Bobrick entered the order of dismissal on December 10, 2002, and therefore, Plaintiff's objections were due December 24, 2002.

Although Plaintiff knew of her right to file objections as early as December 5, 2002 (when the Court advised Plaintiff of that right), Plaintiff did not file her objections until December 30, 2002. Further, Plaintiff neither requested an extension of time from the Court to file her objections, nor did she ask for permission to file the objections instanter.

Because Plaintiff's objections are untimely, they should not be considered by the Court. For this reason, we deny Plaintiff's objections.

II. Merits Of Plaintiff's Objections

However, even if we reach the merits of Plaintiff's untimely objections, we would still deny them because they do not state a legitimate basis for the Court to reject Magistrate Judge Bobrick's recommended order of dismissal. Rather than object to Magistrate Judge Bobrick's recommended order to dismiss the case, Plaintiff instead focuses on Magistrate Judge Bobrick's earlier September 5, 2002 ruling that she had to pay Defendant's fees and costs for the last-minute cancellation of her August 9, 2002 deposition.

Specifically, Plaintiff argues that she did notify Defendant of her inability to attend her deposition (after 5:00 p.m. the day before the deposition), that her failure to attend was not in bad faith, and that her unstable mental and emotional state excused her failure to attend her deposition (Pl. Objections ¶¶ 13, 14, 15).

However, if Plaintiff disagreed with Magistrate Judge Bobrick's September 5, 2002 ruling, she should have moved for reconsideration or appealed that decision. Plaintiff did not do so.

Instead, what is at issue is Plaintiff's continued failure to follow the Court's September 5, September 23, November 7, and November 27, 2002 orders that led Magistrate Judge Bobrick to recommend dismissal of Plaintiff's case. Plaintiff's objections on this score also do not provide any basis for the Court to reject Magistrate Judge Bobrick's recommended order of dismissal.

Significantly, Plaintiff fails to provide a legitimate explanation for her blatant failure to follow Magistrate Judge Bobrick's four orders requiring her to pay Defendant's fees and costs.

7

Notably, Plaintiff repeatedly violated those orders without requesting additional time from the Court and without providing an explanation for her non-compliance. Instead, Plaintiff let three deadlines pass without doing anything. It is for that reason that Magistrate Judge Bobrick recommended dismissal of her case.

Thus, Plaintiff's argument that she cannot pay the fees and costs is too late. Plaintiff should have raised that issue before she ignored four court orders. Additionally, Plaintiff failed to timely raise her inability to pay in her August 29, 2002 objections to Defendant's fee petition. Once again, Plaintiff's last-ditch attempts to establish why she should not have been ordered to pay Defendant's fees and costs are improper, untimely, and do not provide a basis to reject Magistrate Judge Bobrick's recommended order of dismissal based on Plaintiff's "open violation" of the Court's four orders.

Further, Plaintiff's objection to Magistrate Judge Bobrick's finding that "Plaintiff's offer to pay $200.00 per month until the balance was paid in full was not genuine and legitimate" is also improper and misstates Magistrate Judge Bobrick's recommended order of dismissal. Magistrate Judge Bobrick's December 10, 2002 recommended order does not make those findings. In any event, Plaintiff's last minute offer to pay $200.00 per month does not excuse her failure to comply with the Court's previous four orders requiring her to pay the full amount due. If Plaintiff had a proposed payment plan that she believed was reasonable, she should have presented the proposed payment plan to the Court before she violated four court orders without explanation.

The same is true for Plaintiff's suggestion that Magistrate Judge Bobrick should have considered her application for disability benefits as a basis for an additional extension of time to

8

pay the overdue fees and costs. First, Magistrate Judge Bobrick's four orders to pay Defendant's fees and costs were not contingent upon Plaintiff's receipt of disability benefits. Second, if Plaintiff believed it was reasonable for Defendant to wait for its payment until after Plaintiff received a determination on her disability benefits, she should have raised that proposal with the Court before she violated four court orders.

Finally, Magistrate Judge Bobrick's recommended dismissal is not "too drastic a remedy" as suggested by Plaintiff. Magistrate Judge Bobrick did not recommend dismissal of Plaintiff's case over a $1,473.75 dispute -- he recommended dismissal based on Plaintiff's "open violation" of four court orders. Plaintiff's flagrant disregard of Magistrate Judge Bobrick's orders more than warrants a dismissal of this matter.

Rule 41(b) of the Federal Rules of Civil Procedure states that involuntarily dismissal of a Plaintiff's complaint is appropriate "for failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Notably, this is not a case in which Plaintiff violated one Court order -- she violated four Court orders.

Magistrate Judge Bobrick finally decided that enough was enough -- the Court cannot expect to effectively manage this case when Plaintiff pays no heed to its orders. Plaintiff invoked the jurisdiction of the Court, but then decided not to abide by its rules and orders. Plaintiff unquestionably had her "day in court" and should not be permitted to proceed when she has exhibited a total lack of respect and regard for the Court and its orders.

"Without rules, there is no civility. Without enforcement, the rules are worthless." *Allen v. Interstate Brands Corp.*, 186 F.R.D. 512, 515 (S.D. Ind. 1999). While a dismissal with prejudice is a severe sanction, "the power to sanction through dismissal is essential to the district

courts' ability to manage efficiently their heavy case loads and thus protect the interests of all litigants." *Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175, 1177-78 (7th Cir. 1987); *see also Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997) (a district court's power to dismiss a case "serves not only to protect defendants but also to aid courts in keeping administrative control over their own dockets and to deter other litigants from engaging in dilatory behavior"). Dismissal is warranted when a party persistently fails to comply with discovery and court orders. *Ladien,* 128 F.3d at 1056.

Here, dismissal is more than warranted for Plaintiff's undisputed, persistent failure to follow the Court's orders. Further, Magistrate Judge Bobrick twice extended the payment deadline and twice warned Plaintiff that failure to comply with the Court's orders would result in dismissal of her case with prejudice. Despite these warnings, Plaintiff failed to pay the amount due, failed to obtain an extension of time to pay the amount due, and failed to advise the Court of the reason for her non-compliance. Under the circumstances, this Court adopts Magistrate Judge Bobrick's recommendation that Plaintiff's case be dismissed with prejudice.

For these reasons, we find that Magistrate Judge Bobrick's ruling recommending that Plaintiff's complaint be dismissed with prejudice is correct and warranted under the circumstances.

## CONCLUSION

For the foregoing reasons, we deny Plaintiff's objection to Magistrate Judge Bobrick's December 10, 2002 order which recommended that Plaintiff's complaint be dismissed with

prejudice. Plaintiff's complaint is hereby dismissed with prejudice. This case is terminated. This is a final and appealable order.

_____
Wayne R. Andersen
United States District Judge

Dated: June 27, 2003